(6 Misc. Rep. 72.)

## GOULD v. RUTHERFURD et al.

(Supreme Court, Special Term, New York County. December, 1893.)

WILLS—CONSTRUCTION.
    Testator bequeathed property to trustees, to pay the income in equal shares to his two sisters, and provided that, at the death of the last surviving sister, one-half of the principal should go to each of two of the trustees. *Held* that, on the death of one of the sisters, her share of the income belonged to the trustees; 4 Rev. St. (8th Ed.) p. 2435, § 40, providing that, where the rents and profits of an estate are not disposed of during a valid suspension of the power of alienation, they shall belong to the persons entitled to the next eventual estate.

Action by R. Baring Gould against John A. Rutherfurd and others for the construction of the will of Alfred G. Myers, deceased.

Hoadly, Lauterbach & Johnson, for plaintiff.
John Vernon Bouvier, Jr., for defendant John A. Rutherfurd.
Benjamin Tuska, for defendants William Walton Rutherfurd and another.

Foster & Thomson, for defendant Louisa Myers.

Hamilton R. Squier, for defendants Maria Delia Moss and others.

LAWRENCE, J.    Alfred G. Myers died on the 4th day of March, 1887, leaving a will, which was subsequently admitted to probate by the surrogate of the city and county of New York.    That will contains the following provision:

. "After the payment of the specific legacies hereinafter bequeathed, I give, devise, and bequeath all my personal property, of whatever kind, and also the proceeds of my seat in the Stock Exchange, except as hereinafter disposed of, to Richard King, R. Baring Gould, J. Champlin Morris, and John A. Rutherfurd, in trust to collect, invest, and reinvest the same, and pay the income thereof, in equal shares, to my sisters, Matilda Myers and Louisa Myers, and I direct that my executors shall receive the compensation allowed by law, and that no bond or other security be required of them, or either of them, for the proper performance of their duty.    At the death of the last surviving of my sisters, I direct that one-half of the principal of my estate be given to my friend and partner, John A. Rutherfurd, forever, and that the other or remaining half shall be given to William Walton Rutherfurd, forever."

The testator's sister Matilda Myers died on the 4th day of June, 1889, and the defendant Theodore A. Myers was, on the 19th day of November, 1889, duly appointed the administrator of her estate by the surrogate of the county of New York.    The testator's sister Louisa Myers was, after her brother's death, declared by proceedings in this court to be of unsound mind, and the defendant John W. Thompson was duly appointed the committee of her person and estate.    The complaint alleges that, since the death of Matilda Myers, plaintiff and his cotrustees have been in doubt as to whom the income which would have accrued to her had she survived should be paid to, whether to John W. Thompson, as committee of the estate and person of Louisa Myers, or to Theodore A. Myers, as administrator of the goods, etc., of Matilda Myers, deceased, or one-third to said Theodore A. Myers, individually, one-third to the children of Myer S. Myers, and one-third to said John W. Thompson, as committee as aforesaid, or to the remainder-men under the will, or allowed to accumulate, and to form a part of the principal of the estate; and in respect to these matters plaintiff desires the construction and direction of the court.

I think it is clear that the income which would have gone to Matilda Myers if she had survived does not go to Louisa Myers.    The trustees are directed to invest and reinvest the personal property mentioned in the will, and to pay the income thereof, in equal shares, to the sisters.    There is nothing in the will to show that, upon the death of one sister, the surviving sister was to receive the income arising from the share of the deceased sister.    As to that the will is silent.    The Messrs. Rutherfurd are entitled to the ultimate, absolute ownership of the property upon the death of the last surviving sister, and it seems to me that, under the provisions of the Revised Statutes, the will being silent as to the disposition to be made of the income upon the death of one sister before the other, they,

as the owners of the residuary estate, are entitled to the income arising after the death of the deceased sister. Section 40, art. 1, tit. 2, c. 1, pt. 2, of the Revised Statutes, provides that:

"When, in consequence of a valid limitation of an expectant estate, there shall be a suspense of the power of alienation, or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." 4 Rev. St. (8th Ed.) p. 2435.

And by section 2, tit. 4, pt. 2, c. 4, of the Revised Statutes, it is provided that:

"In all other respects, limitations of future or contingent interests in personal property shall be subject to the rules prescribed in the first chapter of this act in relation to future estates in lands."

This places personal property upon the same footing as estates in the real property, and section 40, above noted, is applicable, therefore, to the case at bar; and the income arising from the share which would have gone to the deceased sister, in my opinion, belongs to the Messrs. Rutherfurd, as the persons presumptively entitled to the next eventual estate. Judgment accordingly.